UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY MCMILLIAN,

    Petitioner,

v.                                     Case No. 4:25cv181-TKW-HTC

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Anthony McMillian, through counsel, filed a petition under 28 U.S.C. § 2254, challenging a judgment and sentence rendered in Leon County Circuit Court Case Number 2017-CF-1042. Doc. 1. The Secretary moved to dismiss the petition as untimely (Doc. 12), and McMillian filed a response (Doc. 15). Upon consideration, the Secretary's Motion to Dismiss should be GRANTED, and the petition should be dismissed with prejudice as untimely.

On December 4, 2018, a jury found McMillian guilty of four child sex offenses (Doc. 12-4 at 2-3), and, on January 16, 2019, the circuit court entered a judgment sentencing McMillian to a total sentence of life imprisonment (Doc. 12-5 at 2-14). McMillian filed a direct appeal to the First District Court of Appeal ("First DCA"). *See* Case No. 1D19-0291. On November 16, 2020, the First DCA issued a five-page written opinion affirming the conviction and sentence (Doc. 12-7 at 2-6;

*McMillian v. State,* 305 So.3d 387 (Fla. 1st DCA 2020)) and issued its mandate on December 7, 2020 (Doc. 12-7 at 7).  McMillian did not seek discretionary review in the Florida Supreme Court or file a petition for writ of certiorari in the United States Supreme Court.  Instead, on April 13, 2022, McMillian, through counsel, filed a post-conviction motion with the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850.  Doc. 12-9 at 32.  That motion was pending until the First DCA issued its mandate affirming the denial of the motion on April 21, 2025.  Doc. 12-11 at 6; *McMillian v. State*, 407 So.3d 407 (Fla. 1st DCA 2025).  McMillian filed the instant federal petition on the same day.  Doc. 1.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed within one year from certain trigger dates.  28 U.S.C. § 2244(d)(1).  For purposes of this report, the relevant trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  The "direct review" described by §2244(d)(1) includes discretionary review by the Florida Supreme Court only if the "prisoner had a right to discretionary review" in that court.  *Dailey v. Crews*, No. 3:13cv148-WS/EMT, 2014 WL 2158428, at *3 (N.D. Fla. May 23, 2014) (citing *Gonzalez v. Thaler*, 565 U.S. 134 (2012)).  The U.S. Supreme Court has held that if the state criminal defendant does not seek review in the state's highest

court of last resort – but could have – the judgment becomes final when the time for seeking such review expires. *Id.*

Additionally, a properly filed post-conviction motion will toll the limitations period until it is fully resolved. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). However, it cannot revive or toll the AEDPA time if the time had already expired when the motion was filed. *See Delguidice v. Fla. Dep't of Corr.*, 351 F. App'x 425, 428 (11th Cir. 2009) (A state postconviction motion "filed after expiration of the one-year AEDPA limitations period ... [can]not toll the limitations period, as the limitations period had already expired.").

Respondent argues the petition is untimely because the AEDPA one-year period expired *before* April 13, 2022, when McMillian filed his first Rule 3.850 motion. Doc. 12. Thus, that postconviction motion could not have tolled the AEDPA deadline. Specifically, Respondent argues that, because McMillian could have sought discretionary review in the Florida Supreme Court but did not, the judgment and conviction became final on December 16, 2020 – thirty days after the First DCA affirmed the judgment – and the AEDPA deadline expired 365 days later. Doc. 12 at 13-14.

On the other hand, McMillian argues the First DCA's opinion does not fit within the categories of cases which trigger discretionary review in the Florida Supreme Court. Doc. 15 at 8. Thus, according to McMillian, he could not seek discretionary review and because that was not available to him, the judgment and conviction did not become final until 150 days[1] later (until April 15, 2022) when the time for him to seek certiorari review with the United States Supreme Court expired. *Id.* For the reasons set forth below, the undersigned agrees with the Respondent.

In Florida, "[d]irect review proceedings include seeking discretionary review in the Florida Supreme Court" if that court has jurisdiction to entertain such review. *Mullins v. State*, 974 So.2d 1135, 1136-1138 (Fla. 3d DCA 2008). Article V, section 3(b), of the Florida Constitution governs the jurisdiction of the Florida Supreme Court. *See Wells v. State*, 132 So. 3d 1110, 1112 (Fla. 2014). That provision provides as follows:

> (b) Jurisdiction.—The supreme court:
>
> (3) May review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.

---

[1] Because the First DCA's affirmance occurred between March 19, 2020, and July 19, 2021, the time for McMillian to seek certiorari review was extended to 150 days. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020). Normally, a petitioner has 90 days from the date of the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006).

Case No. 4:25cv181-TKW-HTC

Fla. Const. art. V, § 3(b)(3). As the Florida Supreme Court has explained, the court has jurisdiction "over any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself. That is, the opinion must contain a statement or citation effectively establishing a point of law upon which the decision rests." *The Florida Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988) (footnoted omitted).

In contrast, the Florida Supreme Court does not have jurisdiction over the following four types of cases: (1) a per curiam affirmance ("PCA") rendered without written opinion; (2) a PCA with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute; (3) a per curiam or other unelaborated denial of relief rendered without written opinion; and (4) a per curiam or other unelaborated denial of relief with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute. *See Wells*, 132 So. 3d at 1113.

In the First DCA's written opinion in *McMillian v. State*, 305 So. 3d 837 (Fla. 1st DCA 2020), the court specifically stated that it was affirming the denial of McMillian's motion for a new trial "without discussion" and that it was writing to specifically address the "alleged admission of collateral crimes evidence." Doc. 12-7 at 2. On that issue, the court began its discussion by pointing out that the circuit

Case No. 4:25cv181-TKW-HTC

court had granted McMillian's motion in limine to prevent the State from eliciting testimony about prior bad acts or collateral crimes, including evidence related to uncharged sexual activity with the victim or offenses that had been nolle prossed. *Id.* Nonetheless, the State told the jury during openings that McMillian had molested the victim on an ongoing basis for a couple of years prior to the time she finally told her grandmother about the conduct. *Id.* Consistent with the State's opening, the State elicited testimony from the victim about numerous instances of sexual conduct occurring during the relevant time period. *Id.* McMillian objected to the victim's testimony, but the circuit court overruled the objection.[2] *Id.*

The First DCA spends the next two pages addressing whether the circuit court erred. Relying on cases from the Florida Supreme Court, the First DCA explained that the State may charge a defendant with multiple acts of sexual abuse occurring over a period of time in a single count if the State can "show clearly and convincingly that it has exhausted all reasonable means of narrowing the time frames further." *Id.* at 5 (citing *Dell'Orfano v. State*, 616 So. 2d 33, 35 (Fla. 1993)).[3] Thus, in McMillian's case, and as the State argued to the circuit court, it had charged McMillian with multiple acts of sexual abuse "occurring over a specified period of

---

[2] The First DCA also noted that because McMillian did not object to the State's opening, any reversal is only permitted upon a showing of fundamental error and McMillian failed to make such a showing. Doc. 12-7 at 4, 6.

[3] As the First DCA explained, a defendant may seek to dismiss an information that charges a sex crime against a minor that occurs over a lengthy period of time, but McMillian did not do so. *See* Doc. 12-7 at 5.

time, that was committed in different ways and when the victim was of different ages," rather than, as McMillian argued, "only four discrete acts." *Id.*  Thus, the First DCA concluded that the circuit court did not err in overruling the objection because the challenged testimony was "'inseparable from' and 'inextricably intertwined with the crime charged,' so it was not *Williams* rule evidence."[4]  *Id.*

The First DCA's opinion falls in the category of opinions sufficient to trigger the Florida Supreme Court's discretionary review.  It contains "both detailed and elaborated facts and citations to the law."  *See Jimmy Ho v. Sec'y of Dep't of Corr., State of Fla.,* 2020 WL 7890670, at *5 (S.D. Fla. Nov. 5, 2020) (finding petitioner could have sought discretionary review), *report and recommendation adopted sub nom. Ho v. Sec'y of Dep't of Corr.*, 2021 WL 38268 (S.D. Fla. Jan. 5, 2021).  It expressly set out relevant facts and addressed questions of law, including (1) whether the State can charge multiple acts of sexual conduct over an extended period of time in an information; (2) whether the State did so in McMillian's case; and (3) whether the victim's challenged testimony was about prior bad acts, all for the purpose of determining whether the trial court erred in overruling McMillian's objection to the victim's testimony about other instances of sexual conduct that were not specifically

---

[4] The *Williams* rule refers to the Florida Supreme Court's decision in *Williams v. State*, 110 So. 2d 654 (Fla. 1959), which holds that evidence of other crimes, wrongs, and acts is inadmissible unless relevant to "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *See Buenoano v. State*, 527 So. 2d 194, 197 (Fla. 1988).  The rule has been codified at Fla. Stat. § 90.404(2)(a).

Case No. 4:25cv181-TKW-HTC

identified in the information. The opinion discussed the points of law upon which the decision rested, by not only citing but discussing the application of *Dell'Orfano v. State*, 616 So. 2d 33, 35 (Fla. 1993), *Geiser v. State*, 83 So. 3d 834, 835–36 (Fla. 4th DCA 2011), *Whittingham v. State*, 974 So. 2d 616, 618–19 (Fla. 4th DCA 2008), and *Griffin v. State*, 639 So. 2d 966, 968 (Fla. 1994).

The opinion was "not particularly long, but it set out the facts, and it addressed issues of law. It did enough to give the Florida Supreme Court jurisdiction to review." *See Bravo v. Sec'y, Dep't of Corr.*, No. 1:22cv69-AW/MJF, 2022 WL 17668456, at *1 (N.D. Fla. Dec. 14, 2022). Moreover, because the First DCA's opinion in *McMillian* (1) was a written opinion; (2) was not unelaborated; and (2) did more than merely cite to a rule, statute, or well settled case, it does not fall under any of the four types of cases identified in *Wells* which do not trigger discretionary review. *See id.* ("Bravo could have sought Florida Supreme Court review of the DCA's decision because that decision was neither an affirmance without opinion nor an unelaborated opinion.").

In McMillian's reply, he argues discretionary review was not available because the First DCA's opinion "provided no express and direct conflict with any other decision." Doc. 15 at 8. However, that is not the only circumstance triggering the Florida Supreme Court's discretionary review, and McMillian does not cite any authority supporting this narrow view. To the contrary, numerous courts have held

Case No. 4:25cv181-TKW-HTC

that discretionary review is available when the appellate court issues an elaborated written opinion that expressly addresses a question of law. *See e.g., Mobley v. Sec'y, Fla. Dep't of Corr.*, 2023 WL 270143, at *2 (M.D. Fla. Jan. 18, 2023) ("because the First DCA issued a written opinion expressly addressing a question of law, in this instance concerning the circuit court's ruling on the State's peremptory challenge of an African-American juror, the Florida Supreme Court had subject matter jurisdiction to review the case"); *Spivey v. Sec'y, Fla. Dep't of Corr.*, 2019 WL 10749420, *1 (M.D. Fla. Jan. 29, 2019) (finding that petitioner's judgment and sentence became final following the expiration of his time to seek discretionary review in the Florida Supreme Court because the First DCA issued a written opinion on his direct appeal); *Hall v. Sec'y, Fla. Dep't of Corr.*, No. 4:20CV444-MW/MAF, 2022 WL 2654988, at *4 (N.D. Fla. June 6, 2022), *report and recommendation adopted*, No. 4:20CV444-MW/MAF, 2022 WL 2649086 (N.D. Fla. July 8, 2022) (collecting cases).

Therefore, because McMillian could have sought discretionary review in the Florida Supreme Court but did not, McMillian's judgment and conviction became final on December 16, 2020, when the time to seek such review expired. That means the AEDPA one-year time limit expired on December 16, 2021, almost four months before McMillian filed the first postconviction motion and over three years before he filed his federal petition on April 21, 2025. The petition is therefore untimely and

must be dismissed. *See Pereira v. Sec'y, Dep't of Corr.*, No. 23-13230, 2025 WL 262382, at *2 (11th Cir. Jan. 22, 2025) (The district court "correctly determined that his § 2254 petition was untimely.  The Fifth DCA's [one paragraph] opinion expressly resolved a question of law within its four corners by discussing facts from Pereira's case about the trial court's failure to enter a written competency order and resolving a procedural issue this raised by remanding for the entry of a *nunc pro tunc* written order declaring Pereira competent to proceed.  This means the Florida Supreme Court had discretionary jurisdiction to review the Fifth DCA's decision, and Pereira's one-year deadline to file his § 2254 petition began running upon the expiration of the 30 days Pereira had to seek review of the Fifth DCA's decision before the Florida Supreme Court.").

Finally, the undersigned finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here, whether the petition is untimely does not turn on any contested factual issue.  Therefore, an evidentiary hearing is not

warranted because it would not assist in determining whether Petitioner is entitled to relief.

Also, no certificate of appealability is appropriate in this case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b). After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

Case No. 4:25cv181-TKW-HTC

attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss (Doc. 12) be GRANTED and the Petition (Doc. 1) be DISMISSED WITH PREJUDICE as untimely.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of January, 2026.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:25cv181-TKW-HTC